OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions.  The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. McDowell.
[Cite as Disciplinary Counsel v. McDowell (1994),        Ohio St.3d         .]
Attorneys at law -- Misconduct -- Indefinite suspension -- Perpetrating a fraud upon the judicial system by knowingly misrepresenting actual residence of clients -- Conduct involving dishonesty, fraud, deceit or misrepresentation -- Conduct prejudicial to the administration of justice -- Conduct adversely reflecting on fitness to practice law -- Repeated failure to comply in a timely manner with attorney registration requirements.

(No. 94-493 -- Submitted September 20, 1994 -- Decided November 23, 1994.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-40.

In a complaint filed August 16, 1993, relator, Office of Disciplinary Counsel, charged respondent, Gregory Alan McDowell of Willard, Ohio, Attorney Registration No. 0032965, with seven counts of misconduct alleging numerous disciplinary violations.  In his answer, respondent admitted some of the factual allegations of the complaint and denied that he had committed any disciplinary infraction.

An evidentiary hearing on the matter was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on January 7, 1994.  The parties presented agreed stipulations and testimonial evidence.  Counts III, IV, and VI of the complaint were dismissed pursuant to the stipulations.

As to Count I of the complaint, the panel found that in 1989, respondent agreed to represent Tammy Brisboy, the mother of Joseph H. Brisboy, a child who was seriously injured in a pedestrian/ motor vehicle accident on June 15, 1989.  Following negotiations with the driver's insurance company, respondent filed a motion for approval of a structured settlement involving Joseph in the Huron County Court of Common Pleas, Probate Division, in July 1990.  The mother and child both resided in Huron County.  Probate Judge Thomas E. Heydinger determined that respondent and the mother's interests in

settling the personal injury matter conflicted with the interest of the child and thus appointed Frederick F. Waugh to act as guardian ad litem.

On March 22, 1991, after finding that the recommendations of the guardian ad litem were ambiguous and that the proposed settlement was not in the best interests of the child, Judge Heydinger denied approval of the settlement. Due to preexisting enmity between respondent and Judge Heydinger, respondent concluded that he would not be successful in having his settlement approved. Instead of filing an affidavit of prejudice to seek removal of Judge Heydinger, he initiated a scheme to establish his client's residence in a different county.

In May 1991, respondent caused a notice to be filed dismissing the pending application in the Huron County Probate Court. Just prior to the date the notice was filed and at the request of Judge Heydinger, attorney John R. Ball filed an application to be appointed guardian of the estate of the child. Respondent rented an apartment in Sandusky, Erie County, for Tammy Brisboy and her three children, including Joseph, in June 1991. However, Tammy and her children never moved from their residence in Huron County and never resided in the apartment.

On June 25, 1991, respondent filed in the Erie County Probate Court a motion to approve the same proposed settlement that had been previously rejected by Judge Heydinger. On September 9, 1991, the Erie County Probate Court approved the $423,500 structured settlement based upon the representation that Tammy and Joseph Brisboy were Erie County residents. As part of the settlement, respondent received fees of $40,000 and a $72,000 annuity.

When the Erie County Probate Court was advised through proceedings on Ball's motion to set aside the Erie County orders that respondent's clients had never resided in Erie County, it determined that its previous entry approving the settlement was void ab initio because it lacked jurisdiction in the matter. The Erie County Probate Court found that "misrepresentation or fraud *** resulted in the improper distribution of funds ***." Brisboy had discharged respondent as counsel on March 6, 1992.

Judge Heydinger ordered respondent to deliver the distributions he received as a result of the Erie County Probate Court's settlement approval to the Huron County guardian ad litem. Respondent did not comply with the order and initiated bankruptcy proceedings. In subsequent entries, Judge Heydinger approved a settlement on the minor's claims, entered judgment against respondent for the previously received fees and annuity, and ordered respondent to turn over the money and annuity within ten days. When respondent failed to comply with these orders, he was found in contempt of court and remanded to the county jail.

While in jail, respondent was prohibited from meeting with his secretary to address legal matters for his clients. Respondent submitted to the Huron County Sheriff's Office a handwritten grievance which referred to Judge Heydinger as "[d]ishonorable" and a "walrus-like, mustachioed, little punk." After respondent had served about twenty days in jail,

Judge Heydinger released respondent pursuant to a bankruptcy court order.

At the disciplinary hearing, respondent testified that he believed that Tammy Brisboy and her children were residing in Erie County. Respondent admitted orchestrating the purported move because of what he perceived to be a lack of fair treatment from Judge Heydinger.

The panel concluded that respondent violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation) and 1-102(A)(5) (conduct prejudicial to the administration of justice).

As to Count II, the panel found that as a result of respondent's actions in the Erie County Probate Court, he was charged with, and pled guilty to, falsification in violation of R.C. 2921.13(A)(1), a misdemeanor of the first degree. Respondent was sentenced to one hundred and eighty days in jail with ninety days suspended, and respondent was placed on probation upon conditions -- that he comply with all orders of the Huron County Probate Court, that he complete additional Continuing Legal Education ethics instruction, and that he obtain psychiatric testing and counseling. Respondent testified that the only reason he pled guilty to the falsification charge was because he was advised by counsel that if he did not, he would be indicted on six felony counts. Respondent appealed the conviction, challenging only procedural issues.

The panel concluded that respondent violated DR 1-102(A)(4).

As to Count V, the panel found that in 1986, respondent entered into an agreement to represent Luther Thornsberry on his personal injury and property damage claims. After failing to commence the action within the statute-of-limitations period, respondent was sued by Thornsberry for malpractice. Respondent settled the case and agreed to pay $6,000. However, respondent failed to pay the settlement amount. The panel did not credit respondent's claim of partial payment of the settlement amount.

The panel concluded that respondent violated DR 1-102(A)(5) (conduct prejudicial to the administration of justice) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).

As to Count VII, the panel found that respondent had repeatedly failed to comply in a timely manner with attorney registration requirements, and that he had not been registered during the following periods: September 1, 1985 to May 6, 1986, September 1, 1987 to October 13, 1987, September 1, 1989 to October 5, 1990, and September 1, 1991 to October 21, 1992. The panel concluded that respondent violated Gov. Bar R. VI(1) and (3) (failing to file Certificate of Registration and pay required fee on or before September 1 of each odd-numbered year).

Relator recommended that respondent be indefinite;y suspended from the practice of law, and respondent recommended that any suspension be stayed. The panel recommended that respondent be suspended from the practice of law for six months, with the suspension stayed on conditions that respondent satisfactorily complete the counseling he is

receiving, remain current with attorney registration requirements, and maintain compliance with the Code of Professional Responsibility. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.

Mark H. Aultman, for respondent.

Per Curiam. We concur in the board's findings of fact and conclusions of law. However, we do not agree with the recommended sanction. In the case at bar, respondent pled guilty to perpetrating a fraud upon the judicial system by knowingly misrepresenting the actual residence of his clients. Finding that a more severe sanction is appropriate, respondent is hereby indefinitely suspended from the practice of law. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents and would suspend respondent from the practice of law for one year.